# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

July 31, 2019

<u>Via ECF</u>
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of
Plaintiff's Acceptance of Offer of Judgment**
*ZHANG et al. v WM RESTAURANT CORP d/b/a Water Moon et al., 18-cv-12333*

Dear Judge Abrams:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

**I.   Background**

Plaintiff YU ZHANG was employed by Defendants WM RESTAURANT CORP d/b/a Water Moon; and EAST AT RYE, INC. d/b/a Water Moon and QUAN CHEN, YONG QIU, LEE FAI, and CHING YEH, (collectively, "Defendants"),

This lawsuit was originally filed on December 31, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) out of pocket expenses to delivery experts on the road, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and

Hon. Ronnie Abrams
Page 2

telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) out of pocket expenses to delivery experts on the road, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Eight Thousand Five Hundred Dollars ($8,500.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

Plaintiff's Acceptance of Offer of Judgment is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff YU ZHANG claimed that he worked approximately sixty-eight (68) hours on average each week from August 25, 2017 to September 30, 2017; and he was

paid Three Hundred Dollars ($300.00) per week from August 25, 2017 to September 30, 2017.

Plaintiff YU ZHANG's overtime compensation and out-of-pocket delivery mileage shortfall without liquidated damages under the FLSA was Three Thousand Three Hundred Sixty-One Dollars And Seventy-One Cents ($3,361.71) and his minimum wage, overtime compensation, spread-of-hour, and out-of-pocket delivery mileage shortfall under the NYLL was Four Thousand Seven Hundred Sixty-Two Dollars And Forty-Three Cents ($4,762.43). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Eight Hundred Eight Dollars And Thirty-Seven Cents ($808.37) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty Thousand Three Hundred Thirty-Three Dollars And Twenty-Three Cents ($20,333.23).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Eight Thousand Five Hundred Dollars ($8,500.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

Hon. Ronnie Abrams
Page 4

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Eight Thousand Five Hundred Dollars ($8,500.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand One Hundred Fifty-One Dollars And Twenty-Five Cents ($1,151.25). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seven Thousand Three Hundred Forty-Eight Dollars And Seventy-Five Cents ($7,348.75).

Of the Net Settlement Amount, One Third (1/3), or Two Thousand Four Hundred Forty-Nine Dollars And Fifty-Eight Cents($2,449.58), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand One Hundred Fifty-One Dollars And Twenty-Five Cents ($1,151.25) for a total of Three Thousand Six Hundred Dollars And Eighty-Three Cents ($3,600.83). Of the Net Settlement Amount, Two Thirds (2/3), or Four Thousand Eight Hundred Ninety-Nine Dollars And Seventeen Cents($4,899.17) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Ronnie Abrams
Page 5

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **Hui Chen & Associates, PLLC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

/s/ John Troy                                       /s/ Hui Chen
John Troy, Esq.                                  Hui Chen, Esq.
41-25 Kissena Blvd., Suite 119         136-20 38th Avenue
Flushing, NY 11355                          Flushing, NY 11354
Tel.: 718 762 1324                            Tel: (718) 463-2666